[Civ. No. 13876. First Dist., Div. Two. June 2, 1949.]

WILLIAM C. FELT et al., Appellants, v. L. B. FREDERICK CO., INC. (a Corporation) et al., Respondents.

Franklin A. Dill, Thomas W. Martin and Breece W. Sloan for Appellants.

Milner J. Anderson, Eugene T. Nebiolo and J. Elwood Andresen for Respondents.

DOOLING, J.—Appellants filed a complaint against respondents Frederick and Hill and others upon an alleged contract for the purchase of certain real and personal property. The action went to trial against Frederick and Hill alone and judgment was entered in favor of these defendants.

Respondent Frederick is a real estate broker and respondent Hill is his salesman. Frederick had acquired an option to purchase a rooming house for $8,000 and an option to purchase the furniture therein, which was owned by the tenant, for $4,250. After negotiations between Hill and appellants resulting in an oral offer by appellants to purchase this real and personal property for $14,000 Hill presented to them for their signature and they signed a document which already bore the signature of Hill. The controversy centers around this document, the appellants contending that it was a completed

contract and the respondents claiming that it was a mere offer later rejected by Frederick.

 This document was a printed form designed to be used for the receipt of an offer and deposit from an intending buyer by the broker through his salesman for an owner of property who by its later acceptance evidenced by the owner's signature in a blank space provided therefor would ripen into a contract of purchase and sale between owner and buyer. So far as material to an understanding of the questions here presented it reads (the words added to the printed form appearing in italics) :

"Office of

L. B. Frederick

. . .

"Received from *William C. Felt and Mae D. Felt his wife* . . . *Two hundred Dollars* . . . as deposit and part purchase price on the following property . . .

"The full purchase price being *$14,000.00* to be paid as follows . . . *The balance of cash to be paid, and all documents necessary to complete the transaction to be executed in accordance with this contract not later than April 15, 1945*. . . .

"In case this Contract is approved the Agent is authorized to order search. . . .

Board Commission Approved Signed *William C. Felt*

*Mae D. Felt,* Buyer

Owner.

L. B. Frederick Agent

for Owner

By *Harry L. Hill*"

It is clear that the document until signed by the owner would constitute a mere offer in any case where Frederick was acting for a third party in securing a buyer's signature. It is equally clear that the form is not designed for use in a case such as this where the broker Frederick is in fact the intending seller and not the agent for the seller. Its terms not being designed for use in a case such as here presented an ambiguity is created which it was necessary for the trial court to resolve with the aid of extrinsic evidence (*Universal Sales Corp.* v. *California etc. Mfg. Co.,* 20 Cal.2d 751 [128 P.2d 665]).

The appellants proceeded against Frederick on the theory that the document was in fact an agreement to sell binding

upon him and in the alternative, if Frederick was held not bound, against Hill on an implied warranty of authority (Civ. Code, § 2342) and on the execution of the document by Hill in the name of Frederick without believing in good faith that he had authority to do so (Civ. Code, § 2343(2)).

The counts against Hill may be quickly disposed of. While appellants testified that Hill told them that he had authority to bind Frederick, Hill testified that when he presented the document to appellants for their signature "I said 'Here is your deposit receipt, I will submit the proposition to the office.' " This presented a conflict of evidence for the trial court to resolve and that court having found in accordance with Hill's testimony the theories upon which Hill was sought to be held are expressly negatived by the facts as found.

Turning to the cause of action against Frederick it was established that Hill had no written authority to bind Frederick as required by the equal dignities rule. (Civ. Code, §§ 1624(4), 2309.) Appellants seek to hold Frederick on the theory that his printed name appearing on the document was adopted by him as his signature to a binding contract to sell. It is true that a printed name may be adopted as a signature (*Kadota Fig Assn.* v. *Case-Swayne Co.*, 73 Cal.App.2d 815, 819 [167 P.2d 523]; *Weiner* v. *Mullaney*, 59 Cal.App.2d 620, 634-635 [140 P.2d 704]) but the burden of proving its adoption by Frederick was on appellants. Frederick testified that he saw the document after Hill had signed it and before its presentation to appellants for their signature but the tenor of his testimony was that he intended it as a mere offer subject to his later acceptance or rejection. This intention was communicated by Hill to appellants at the time that they signed the document and the trial court found in accordance with this testimony that the document was not a contract but an offer to contract.

Appellants point to the use of the word "contract" in the typewritten portion of the document. The same word is used in the printed sentence authorizing a title search "in case this contract is approved." The document was intended to become a contract upon the owner affixing his signature thereto which sufficiently explains the use of the word "contract" therein.

Appellants lean on the rule that a document is to be construed most strongly against the party preparing it, but this rule is only to be resorted to "[i]n cases of uncertainty not removed by the preceding rules" (Civ. Code, § 1654) and

one of the preceding rules is that "it must be interpreted in the sense in which the promisor believed . . . that the promisee understood it" (Civ. Code, § 1649). In view of Hill's testimony that he told appellants "I will submit the proposition to the office" the court was justified in finding that appellants knew that Frederick and Hill understood the document to be an offer and not a contract. The fact that Frederick exercised the option to purchase the realty after the document was signed does not compel a finding that he treated or regarded the document as a binding contract of sale. The inference to be drawn from that fact was for the trial court to decide.

To meet the balance of the purchase price appellants testified that they sold another parcel of real property at a sacrifice and they claim an estoppel against Frederick to deny that the document was an executed agreement to sell. This claim disregards the knowledge conveyed to them by Hill that the document was subject to Frederick's acceptance. With that knowledge appellants were not justified in acting upon it before notice of its acceptance by Frederick. Appellants testified that they saw an assignment of the furniture with their names on the cover but Frederick swore that he had no knowledge of the preparation of this document.

The case presented questions of fact which were resolved against appellants, and the findings are supported by substantial evidence and the inferences reasonably drawn therefrom.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied July 2, 1949, and appellants' petition for a hearing by the Supreme Court was denied July 28, 1949. Carter, J., voted for a hearing.