[L. A. No. 25496. In Bank. Dec. 18, 1959.]

GEORGE W. SMITH, Petititoner, v. HAROLD J. OSTLY, as County Clerk of the County of Los Angeles, Respondent.

Ritter & Klein and Earl Klein for Petitioner.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel and Robert C. Lynch, Deputy County Counsel, for Respondent.

SPENCE, J.—Petitioner seeks a writ of mandate to compel the respondent county clerk to prepare and file a transcript on petitioner's appeal from his judgment of conviction.

The material facts are undisputed. Petitioner and several others were convicted of violations of section 11500 of the Health and Safety Code. Petitioner's judgment of conviction was entered on December 19, 1958. On December 24, 1958, a document purporting to be petitioner's "Notice of Appeal" was received by respondent through the mail and was stamped as "Filed" as of that date. On December 29, 1958, a substantially identical document was received by respondent through the mail and was stamped as "Filed" as of that date. Respondent thereafter apparently deemed said notices to be insufficient and on January 9, 1959, caused the word "Cancelled" to be written over the filing stamps. On May 1, 1959, petitioner wrote to respondent concerning his appeal and was advised by respondent, under date of May 7, 1959, that no action was being taken toward the preparation of a transcript as his two "alleged Notices of Appeal" did not comply with rule 31 of the Rules on Appeal. Thereafter, on May 13, 1959, petitioner sent a second letter to respondent in which petitioner stated that he was filing yet another notice of appeal. On May 15, 1959, respondent acknowledged receipt of the letter but advised petitioner that no action would be taken on the last-mentioned notice "for the reason that a notice of appeal must be filed within ten days after the imposition of

judgment. . . ." Petitioner, without the aid of counsel, then instituted this proceeding for a writ of mandate. Since the issuance of the order to show cause herein, counsel has appeared to represent petitioner.

Upon oral argument, the question arose as to whether under the pleadings there was any material issue of fact to be determined by this proceeding. The parties agreed that there was not. It was conceded that petitioner sent, and that respondent received at the times indicated, the two "Notices of Appeal" marked "Filed" respectively on December 24th and December 29th. The sole question presented relates to their sufficiency; and in view of the conclusion we have reached, we need consider only the notice filed on December 24, 1958.

The above mentioned "Notice of Appeal" is a handprinted document, consisting of one page, in the upper left hand corner of which appears petitioner's name. The document expressly gives notice of petitioner's appeal from his judgment of conviction, and it specifies the court which rendered the judgment, and the number of the case. The document further sets forth the grounds upon which petitioner bases his appeal. Although there is space for a signature following the final hand-printed words on the document, petitioner did not in fact subscribe his name to the end of the document.

Rule 31(b) of the Rules on Appeal (50 Cal.2d 28) reads: "If the appeal is by the defendant the notice shall be signed by him or by his attorney, and if the appeal is by the People, the notice shall be signed by the district attorney, his deputy, or other counsel for the People. The notice shall be sufficient if it states in substance that the party appeals from a specified judgment or order or a particular part thereof, and shall be liberally construed in favor of its sufficiency."

Respondent takes the position that rule 31 is mandatory and jurisdictional; that petitioner's "Notice of Appeal" marked "Filed" on December 24, 1958, and the one marked "Filed" on December 29, 1958, were not "signed by him or by his attorney"; and that therefore the notices were insufficient. Respondent concedes, however, that if the notices had "been in the handwriting of petitioner the argument might be made that there was a substantial compliance with Rule 31."

 Except for the absence of a conventional signature in a conventional place, the "Notice of Appeal" filed on December 24, 1958, was clearly sufficient so as not to mislead or prejudice the parties to the proceedings. (*Kellett* v. *Marvel*, 6 Cal.2d 464, 471 [58 P.2d 649].) And since a written

notice must be liberally construed (see *People* v. *Behrmann,* 34 Cal.2d 459, 463 [211 P.2d 575]), we are of the opinion that an adopted signature on a written notice of appeal would satisfy the requirements of rule 31(b).

For the purpose of imposing liability in civil cases, even a printed name may ordinarily be adopted as one's signature (*Felt* v. *L. B. Frederick Co.,* 92 Cal.App.2d 157, 160 [206 P.2d 676]; *Kadola Fig Assn.* v. *Case-Swayne Co.,* 73 Cal. App.2d 815, 819 [167 P.2d 523]; *Weiner* v. *Mullaney,* 59 Cal.App.2d 620, 634-635 [140 P.2d 704]) and the name relied upon as a signature need not necessarily appear at the end of the document. (*Estate of Bloch,* 39 Cal.2d 570, 573 [248 P.2d 21]; *Estate of Kinney,* 16 Cal.2d 50, 56 [104 P.2d 782]; *Estate of Strecton,* 183 Cal. 284, 289 [191 P. 16]; *California Canneries Co.* v. *Scatina,* 117 Cal. 447, 449 [49 P. 462]; Rest., Contracts, § 210; Williston on Contracts [rev. ed.], § 585; 112 A.L.R. 937, 940.) The rules relating to an adopted signature on a notice of appeal filed by a defendant in a criminal case should be at least as liberal as the rules applicable to adopted signatures in civil cases. This is especially true in the light of the quoted provision of rule 31(b) that a notice of appeal "shall be liberally construed in favor of its sufficiency." (See *People* v. *Robinson,* 43 Cal.2d 143, 145 [271 P.2d 872].) The printed name in the upper left-hand corner of the "Notice of Appeal" marked "Filed" December 24, 1958, could therefore have been petitioner's adopted signature. The question remains whether the petitioner adopted the printed name as his signature with an intention of authenticating the document. (See *Estate of Bloch, supra,* 39 Cal.2d 570, 572-573; *McNear* v. *Petroleum Export Corp.,* 208 Cal. 162, 167 [280 P. 684].)

In a case like the present one, where the filing of the notice of appeal neither imposes obligations on the defendant nor affects the property rights of others, proof that the petitioner adopted the signature with an intention of authenticating the document need not be shown from the face of the instrument itself. Compare *Marks* v. *Walter G. McCarty Corp.,* 33 Cal.2d 814, 822-823 [205 P.2d 1025]; *McNear* v. *Petroleum Export Corp., supra,* 208 Cal. 162, 167; *Estate of Bloch, supra,* 39 Cal.2d 570, 573; *Estate of Kinney, supra,* 16 Cal.2d 50, 53, *with Ligare* v. *California S.R.R. Co.,* 76 Cal. 610, 611 [18 P. 777]; *Williams* v. *McDonald,* 58 Cal. 527, 529.) In our opinion the admitted fact here that petitioner personally

sent the notice to respondent as his ''Notice of Appeal'' sufficiently shows that petitioner adopted the name thereon as his signature with the intention of authenticating the document as fully as though the document had been entirely written by him. We therefore conclude that there was a sufficient signature to satisfy the requirements of rule 31(b), and that petitioner is entitled to the relief demanded.

It is ordered that a peremptory writ of mandate issue commanding the respondent county clerk to proceed with the preparation and filing of the transcript on appeal from petitioner's judgment of conviction in action Number 206452.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., and Peek, J. pro tem.,* concurred.

McComb, J., dissented.

*Assigned by Chairman of Judicial Council.