Filed 9/22/22  P. v. Brim CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. EDDIE BRIM, Defendant and Appellant. | B315433 Los Angeles County Super. Ct. No. TA154169 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

In 2021, the People charged Eddie Brim with injuring a girlfriend, criminal threats, assault with a deadly weapon (a knife), kidnapping, and false imprisonment by violence. The alleged victim in all five counts was Jennifer V. The People alleged Brim had three prior strikes: for voluntary manslaughter, assault with a firearm, and robbery.

At the preliminary hearing, Jennifer V. testified that on April 4, 2021, she and Brim—her boyfriend of two years—went to a liquor store. Jennifer's cousin Malikah went with them. Jennifer and Brim had broken up, and they started arguing about their relationship. When they were driving home from the store, Brim pulled the car over and pulled Jennifer's hair.

In her testimony, Jennifer seemed to be minimizing the incident, claiming Brim didn't pull her hair "that hard" and professing not to remember details. She admitted, however, that she'd gone to the hospital that day and she'd told police officers Brim had punched her in the head with closed fists. Jennifer suffered a black eye and "an open wound," requiring one stitch. At the preliminary hearing nearly four months later, the court stated it could see a scar under Jennifer's left eye.

Jennifer told police she'd gotten out of the car at the liquor store and tried to run away. She admitted that at one point she was screaming for help. She told police that, when she got out of the car, Brim grabbed her and pushed her against a gate. Jennifer admitted she'd told police that Brim had pulled out a knife, but then answered "[n]o" to the question, "[D]id the defendant pull out a knife?" Jennifer admitted telling police that Brim had applied pressure with the knife against her throat.

The People introduced a photograph Jennifer's mother had taken of her that day.

Los Angeles Police Department Officer Kyle Heskett also testified at the preliminary hearing. Heskett had spoken with Jennifer V. on April 4, 2021, in the parking lot of the hospital. She had visible injuries: a black eye and the left side of her face around the cheekbone was swollen. Jennifer had "bruising to her face" and "three cuts to the left side of her neck as well as a laceration on her left cheek."

Jennifer told Heskett that Brim had "struck her multiple times with both his hands to her head," face, and chin. Jennifer tried to flee but Brim "chased her down and then grabbed her by the hair and dragged her back to the car." Brim and Malikah "got into a verbal argument" and Brim "kicked [Malikah] out of the car."

Brim then drove to another area. Jennifer tried to get out of the car and "screamed for help." She went out one of the back doors of the car. Brim tried to grab her; she pushed him against a wall. Brim then pulled out a knife and put it to Jennifer's throat. He said, " 'Get in the car or I'll kill you.' " Brim made cutting motions with the knife on Jennifer's throat and leg.

On September 14, 2021, Brim entered into a plea agreement with the People. He pleaded no contest to the kidnapping count for an agreed-upon sentence of the midterm of five years. The court explained to Brim that the maximum possible sentence on the charge, with the prior strikes, was 25 years to life. Brim said he understood and wanted to accept the People's offer. The court dismissed the remaining four counts and the prior strike allegations on the People's motion.

On September 20, 2021, Brim filed a handwritten document entitled, "CERTIFICATE OF PROBABLE CAUSE; PENAL CODE SECTION 1237-1237.5 (NOTICE OF APPEAL)." Brim did not obtain a certificate of probable cause from the superior court.

We appointed counsel to represent Brim on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel stated he had advised Brim that he could file a supplemental brief within 30 days. On June 13, 2022, we sent Brim a letter telling him the same thing. We have not received any supplemental brief from Brim.

Because he pleaded no contest to the kidnapping charge, Brim could not appeal his judgment of conviction without complying with the requirements of Penal Code section 1237.5. (Pen. Code, § 1237.5; Cal. Rules of Court, rule 8.304(b); *People v. Earls* (1992) 10 Cal.App.4th 184, 188, 190, 193–194 [purpose of section 1237.5 is to avoid frivolous appeals; because notice did not include required statement showing permissible ground of appeal under statute, appeal was dismissed].) He has not complied with either of those requirements.

Notwithstanding this failure, we have independently reviewed the record and find no arguable issues. We are satisfied that Brim's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *Wende, supra,* 25 Cal.3d at p. 441.)

4

## DISPOSITION

We affirm Eddie Brim's conviction.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EGERTON, J.

We concur:

EDMON, P. J.

LAVIN, J.