Filed 5/19/23  P. v. Crowder CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C095508 |
| Plaintiff and Respondent, | |
| | (Super. Ct. Nos. 19CF00623, 19CF06900, 20CF06023, 21CF02950, P15CR0151) |
| v. | |
| BRANDON JOHN CROWDER, | |
| Defendant and Appellant. | |

Defendant Brandon John Crowder pleaded guilty or no contest in five separate criminal cases and was sentenced to an aggregate prison term of nine years eight months. For the principal drug conviction in his initial case out of El Dorado County, case No. P15CRF0151 (the El Dorado County case), occurring when defendant was 22 years old, defendant stipulated to a midterm sentence of five years.  He now argues the matter must be remanded for resentencing under Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate

1

Bill No. 567),[1] which amended Penal Code section 1170 effective January 1, 2022, to limit a trial court's discretion to impose the midterm when certain statutory mitigating factors contributed to the commission of the offense, including where a defendant was less than 26 years old at the time of the offense.[2] (Stats. 2021, ch. 731, § 1.3) Defendant also argues certain fees and fines must be vacated under recent legislative changes to the criminal fee statutes.

We requested supplemental briefing on whether the judgment in the El Dorado County case was final for purposes of *Estrada* retroactivity when Senate Bill No. 567 went into effect, and, if so, whether it remained final when defendant was sentenced in his new cases together with the old (§ 1170.1). The parties agree the El Dorado County case was final before the effective date of Senate Bill No. 567 but disagree as to the effect of the subsequent sentencing.

We agree with the parties that the El Dorado County case was final before Senate Bill No. 567 went into effect; we further hold that nothing affected the finality of that judgment, and no basis exists for applying the new legislation to defendant's midterm sentence. That judgment was similarly final for purposes of the new fee legislation, although we acknowledge that any remaining balances due on the fees defendant challenges on appeal are no longer enforceable or collectible. Because defendant raises no other issues regarding the judgment in his most recent case, we shall affirm.

---

[1] Defendant frames his argument in terms of the changes made by Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695.) However, Senate Bill No. 567 was enacted after Assembly Bill No. 124 and incorporated Assembly Bill No. 124's amendments to Penal Code section 1170. (Stats. 2021, ch. 731, § 3, subd. (c).) Senate Bill No. 567 takes precedence because it was enacted last. (Gov. Code, § 9605.) Thus, we will address defendant's contention as raised under Senate Bill No. 567.

[2] Further undesignated statutory references are to the Penal Code.

## BACKGROUND

Because the facts of defendant's numerous offenses are not relevant to the issues he raises on appeal, we provide only a brief factual background.

*The El Dorado County Case*

In April 2015, defendant was charged in El Dorado County with manufacturing a controlled substance other than PCP (Health & Saf. Code, § 11379.6, subd. (a); count 1), possession of a controlled substance (methamphetamine) (*id*., § 11377, subd. (a); count 2), and possession of drug paraphernalia (*id*., § 11364; count 3).  In June 2015, defendant pleaded no contest to count 1 in exchange for a suspended sentence and three years formal probation with various terms and conditions.  The court immediately sentenced him pursuant to the plea agreement, imposed fees and fines, including a $60 criminal justice administrative fee under section 1205 and a $250 probation supervision fee under section 1203.1, and dismissed the remaining counts.  Defendant was 22 years old at the time he committed count 1.

Defendant subsequently admitted violating probation on multiple occasions; his probation was revoked and reinstated on modified terms with additional jail time.

After finding two probation violations in July 2016, the trial court terminated probation and accepted the parties' stipulated agreement to the midterm of five years for the manufacturing offense to be served as a split sentence with three years in county prison and the remaining two years on mandatory community supervision.  All previously imposed fines and fees remained in effect, and the court also imposed a $1,200 mandatory supervision fee under section 1203.1e.  In August 2017, defendant was released on mandatory supervision.

Thereafter, defendant admitted violating the terms of his mandatory supervision on multiple occasions.  He was reinstated on supervision with additional jail time.

3

*Butte County Case No. 19CF00623*

In January 2019, defendant was charged in Butte County case No. 19CF00623 (case No. 0623) with manufacturing a controlled substance other than PCP (Health & Saf. Code, § 11379.6, subd. (a); count 1). The following month, in February 2019, defendant pleaded no contest.

In March 2019, pursuant to section 1170.1, the trial court resentenced defendant in the El Dorado County case to the previously imposed five-year term as the principal term and added a consecutive subordinate term of one year eight months (one-third the midterm) in county prison in case No. 0623, with the concluding 1,337 days to be served on mandatory supervision. The court imposed various fees and fines and reaffirmed all previously imposed fees and fines in the El Dorado County case. Defendant's total aggregate sentence was six years eight months in county prison.

*Butte County Case No. 19CF06900*

In October 2019, defendant was charged in Butte County case No. 19CF06900 (case No. 6900) with injuring a spouse or cohabitant (§ 273.5, subd. (a); count 1). Probation also filed a petition for violation of mandatory supervision alleging three violations. In February 2020, defendant pleaded guilty to the corporal injury offense and the trial court found him in violation of his mandatory supervision in case No. 0623.

In May 2020, the court resentenced defendant to the previously imposed terms in the El Dorado County case and case No. 0623 and sentenced him to a consecutive subordinate term of one year for case No. 6900. Defendant's aggregate prison term was seven years eight months. The court imposed various fees and fines, with all previously imposed fees and fines in effect, awarded credits, and terminated mandatory supervision in the prior cases as unsuccessful.

On May 20, 2020, defendant filed a timely notice of appeal of his sentence in case No. 6900, and also referenced the El Dorado County case and case No. 0623. (*People v.*

4

*Crowder* (June 17, 2021, C091972) [app. dism.] (*Crowder I*).)**3**  In August 2020, this court granted defendant's request to construe the notice of appeal as including all three cases.

In June 2021, after the appellate record had been prepared in *Crowder I*, defendant filed a notice of abandonment of appeal and request for dismissal.  Three days later, this court granted defendant's request and dismissed the appeal.  We ordered that the remittitur issue forthwith.  (Cal. Rules of Court, rule 8.316(b)(2).)**4**  That same day, on June 17, 2021, the remittitur issued in *Crowder I*.

*Butte County Case No. 20CF06023*

While the appeal was pending in *Crowder I*, defendant was charged in Butte County case No. 20CF06023 (case No. 6023) with possession of a controlled substance or paraphernalia in a custodial facility (§ 4573.6, subd. (a); count 1), and in January 2021, he pleaded no contest.

The following month, the trial court resentenced defendant to the previously imposed terms in the El Dorado County case and case Nos. 0623 and 6900.  The court then sentenced defendant to a subordinate, consecutive term of one year in case No. 6023, for a total aggregate term of eight years eight months in prison.  The court imposed new fines and fees, reaffirmed the previously imposed fines and fees, and awarded credits.

On March 25, 2021, defendant appealed from his sentencing in case No. 6023, and from the reimposition of sentence in the El Dorado County case as well as case Nos. 0623 and 6900.  (*People v. Crowder* (July 2, 2021, C093812) [app. dism.] (*Crowder II*).)**5**

---

**3**  We take judicial notice of the record in *Crowder I*.  (Evid. Code, §§ 452, 459.)

**4**  Further undesignated rule references are to the California Rules of Court.

**5**  We take judicial notice of the record in *Crowder II*.  (Evid. Code, §§ 452, 459.)

On June 2, 2021, this court granted defendant's request to construe the notice of appeal as including all four cases.

In June 2021, after the appellate record had been prepared in *Crowder II*, defendant filed a notice of abandonment of appeal and request for dismissal. On July 2, 2021, this court dismissed the appeal and issued the remittitur.

*Butte County Case No. 21CF02950*

In June 2021, the same month that we dismissed defendant's appeals on his request in *Crowder I* and *Crowder II*, defendant was charged in Butte County case No. 21CF02950 (case No. 2950) with two counts of making a false statement or representation to obtain California Employment Development Department (EDD) benefits (Unemp. Ins. Code, § 2101, subd. (a); counts 1 & 3) and attempting to make a false statement or representation to obtain EDD benefits (Pen. Code, § 664, subd. (a); Unemp. Ins. Code, § 2101, subd. (a); count 2). In October 2021, defendant pleaded no contest to counts 1 and 2 in exchange for dismissal of count 3 with a *Harvey* waiver.

In December 2021, pursuant to section 1170.1, the trial court resentenced defendant to the previously imposed terms in the El Dorado County case and case Nos. 0623, 6900, and 6023. For the offenses in case No. 2950, the newest case, the court sentenced defendant to consecutive and subordinate terms of eight months for count 1 and four months for count 2. Prior to imposing sentence, the court found "on balance that the circumstances in aggravation do not outweigh the circumstances in mitigation." In mitigation, the court found that defendant pleaded early, and in aggravation, that defendant's prior convictions as an adult were numerous.

Defendant's total aggregate sentence for all five cases was nine years eight months in prison. The trial court imposed new fines and fees, reaffirmed all previously imposed fines and fees, and awarded credits. Defendant filed a handwritten notice of appeal, purporting to appeal all five criminal cases.

6

# DISCUSSION

## I

### *Senate Bill No. 567*

Defendant contends we must remand for resentencing on his midterm sentence on the El Dorado County case pursuant to Senate Bill No. 567. Specifically, he asks that "the sentence imposed in Butte County case number 2950, be vacated, and the matter remanded for the court to exercise its discretion regarding imposition of the five-year midterm in the [El Dorado County] matter." We decline to do so, as we next explain.

### A. *Legal Background*

As relevant here, effective January 1, 2022, Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3) amended section 1170 to prohibit upper term sentencing unless there are circumstances in aggravation that justify a term exceeding the middle term and the facts underlying those aggravating circumstances (1) are stipulated to by the defendant, (2) proven to a fact finder beyond a reasonable doubt, or (3) relate to prior convictions and are based on a certified record of conviction. (§ 1170, subd. (b)(1)-(3).)

Senate Bill No. 567 also created a presumption in favor of a lower term sentence if a defendant's youth or psychological, physical, or childhood trauma contributed to the commission of the offense. As relevant here, section 1170, subdivision (b)(6)(B) established a presumption of entitlement to the lower term sentence if the defendant was "under 26 years of age on the date the offense was committed." (§§ 1170, subd. (b)(6)(B), 1016.7, subd. (b).)

### B. *Retroactivity of Senate Bill No. 567*

The parties agree, as do we, that Senate Bill No. 567 applies retroactively to all cases not yet final on appeal on the legislation's effective date. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 [Senate Bill No. 567 is an ameliorative change in the law applicable to all nonfinal convictions on appeal].) Under established law, we presume, absent contrary evidence, that the Legislature intended an amendatory statute that

7

potentially lessens punishment to apply to all defendants whose judgments are not yet final on the statute's operative date.  (*In re Estrada* (1965) 63 Cal.2d 740, 745; *People v. Lopez* (2019) 42 Cal.App.5th 337, 341.)

Here, it is undisputed that defendant was 22 years old when he committed the offense that is charged in count 1 of the El Dorado County case.  The issue, then, is whether the judgment in that case was final for *Estrada* retroactivity purposes when Senate Bill No. 567 took effect.  If the judgment in the El Dorado County case was final *before* Senate Bill No. 567 went into effect on January 1, 2022, defendant is not entitled to the benefit of the ameliorative legislation.  (*People v. McKenzie* (2020) 9 Cal.5th 40, 44 (*McKenzie*) [" 'The key date is the date of final judgment.  If the amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then  . . . . it, and not the old statute in effect when the prohibited act was committed, applies' "].)

C.  *Finality for Purposes of Estrada Retroactivity*

*Estrada* retroactivity refers not only to the finality of a judgment of conviction, but also to the finality of the case or prosecution as a whole.  (*People v. Esquivel* (2021) 11 Cal.5th 671, 678 (*Esquivel*).)  If either is absent, a defendant is entitled to the benefit of an ameliorative change in the law.

Section 1237, subdivision (a) gives a criminal defendant a statutory right to appeal from a "final judgment of conviction."  In criminal actions, the terms "judgment" and "sentence" are synonymous.  (*McKenzie, supra*, 9 Cal.5th at p. 46.)  There can be no " 'judgment of conviction' without a sentence."  (*Ibid.*)  A sentence, which may consist of a fine, a term of imprisonment, or both (§ 1445), occurs when the court orally pronounces on the record; the sentence may be imposed, or, in some cases, suspended.  (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9; § 1203.)

"A grant of probation is not a sentence and final judgment for purposes of retroactivity:  in a case where the court suspends imposition of sentence to place the

defendant on probation, there is no final judgment." (*People v. Lopez* (2020) 57 Cal.App.5th 409, 414; accord, *McKenzie*, *supra*, 9 Cal.5th at pp. 46-49 [when a defendant is placed on probation with imposition of sentence suspended, the case is not yet final for *Estrada* retroactivity purposes if the defendant may still timely obtain direct review of an order revoking probation and imposing sentence].)  Likewise, where the court imposes sentence but suspends its execution, that sentence constitutes only a provisional or conditional judgment, the finality of which depends on the outcome of the probationary period.  (*Esquivel*, *supra*, 11 Cal.5th at p. 673.)  Mandatory supervision is akin to a grant of probation and similarly is not a final judgment for retroactivity purposes.  (*Lopez*, at p. 414 ["[g]iven the court's complete authority to 'revoke, modify, or change' its previous sentence (§ 1203.3, subd. (a)), the sentencing process cannot fairly be described as finished when execution of a sentence is suspended to place a defendant on mandatory supervision"].)

A criminal proceeding itself is not considered final for purposes of *Estrada* retroactivity "so long as the courts may provide a remedy on direct review" including "the time within which to petition to the United States Supreme Court for writ of certiorari."  (*In re Pine* (1977) 66 Cal.App.3d 593, 594; accord *Esquivel*, *supra*, 11 Cal.5th at p. 678 [a case is not final, for purposes of the *Estrada* presumption, because the criminal prosecution or proceeding brought against defendant was not complete when the ameliorative legislation at issue took effect where the defendant has not exhausted direct review of the order causing his carceral punishment to take effect].)  A petition for a writ of certiorari to review a judgment in a criminal case entered by a state court that is subject to discretionary review by the state court of last resort is timely when filed within 90 days after entry of the order denying discretionary review.  (U.S. Supreme Ct. Rules, rule 13(1).)

Applying these finality principles here, it is apparent the judgment in the El Dorado County case constituted a final judgment of conviction, and, as we next explain

9

in detail, that defendant had exhausted direct review of that judgment in June 2021, well before Senate Bill No. 567 took effect in January 2022.

Defendant was originally sentenced in the El Dorado County case to probation, which was later revoked and terminated in favor of a split sentence with the concluding portion of the sentence suspended and to be served on mandatory supervision. Imposition of the split sentence resulted only in a "provisional or conditional judgment," which was not yet a final judgment of conviction for purposes of appeal. (*People v. Lopez*, *supra*, 57 Cal.App.5th at p. 414.) The same is true when he was sentenced in case No. 0623 and resentenced in the El Dorado County to mandatory supervision in March 2019. However, once the trial court terminated defendant's mandatory supervision and ordered him to prison following his plea in February 2020 in case No. 6900, defendant had a final judgment of conviction in all three cases to appeal.

Defendant timely appealed these first three final judgments of conviction (the El Dorado County case and Butte County case Nos. 0623 and 6900) in *Crowder I*. He later sought to abandon the appeal and requested that this court dismiss it. This court granted that request, dismissed the appeal, and immediately issued the remittitur, rendering the decision final in this court. (Rule 8.366(b)(2)(B) [Court of Appeal decisions are final in that court on filing "[t]he dismissal of an appeal on request or stipulation"].)

Nothing in the record indicates defendant either petitioned our Supreme Court for review in *Crowder I* or filed a petition for writ of certiorari in the United States Supreme Court. Thus, as to those three judgments recited above, which include the El Dorado County case at issue here, direct review had been exhausted following issuance of the remittitur in *Crowder I*.[6]

---

[6] Because the judgment in the El Dorado County case was final following issuance of the remittitur in *Crowder I*, we need not analyze that judgment's finality in light of *Crowder II*. We note the same analysis would apply as to *Crowder II* where the remittitur issued

10

Defendant concedes the El Dorado County case was final on appeal in June 2021 *before* Senate Bill No. 567 took effect in January 2022. He further acknowledges that the finality of the El Dorado County case was not "reopened" each time the Butte County court sentenced him in subsequent criminal matters and resentenced him on previous criminal convictions. We agree.

In *In re Rodriguez* (2021) 66 Cal.App.5th 952, the appellate court concluded that where a judgment becomes final before an ameliorative change in the law takes effect, its inclusion in an aggregate term of imprisonment pursuant to section 1170.1 following a second criminal proceeding does not affect its finality. (*Id.* at pp. 963-964; § 1170.1, subd. (a); rule 4.452 ["If a determinate sentence is imposed under section 1170.1(a) consecutive to one or more determinate sentences imposed previously in the same court or in other courts, the court in the current case must pronounce a single aggregate term, as defined in section 1170.1(a), stating the result of combining the previous and current sentences"].) As the *Rodriguez* court explained, the second or subsequent sentencing court announcing the aggregate term of imprisonment under section 1170.1 does not resentence the defendant in the generally understood manner, with authority to modify every aspect of the sentence; instead, it is limited by the first court's discretionary sentencing choices. (*Rodriguez*, at p. 960.) "Given these limitations, the announcement of an aggregate sentence does not reopen a prior judgment or render it nonfinal for purposes of the *Estrada* rule." (*Ibid.*)

Despite these acknowledgements, defendant argues that "owing to clerical and procedural anomalies," he should be entitled to recall the remittiturs in *Crowder I* and *Crowder II* thereby rendering El Dorado County case No. 0151 *nonfinal* for purposes of *Estrada*.

---

in that case without any further requests for review before Senate Bill No. 567 went into effect.

11

D. *Recall of Remittiturs*

Defendant reasons as follows:  Because this court granted his request in the present appeal to construe the appeal to include the El Dorado County case even though we had previously issued remittiturs in *Crowder I* and *Crowder II*, which each purported to also include the El Dorado County case, this court's order somehow constituted a clerical error or otherwise revived his appeal concerning the El Dorado County case.

An appellate court may recall a remittitur for good cause (rule 8.272(c)(2)), which is limited.  (*People v. Harris* (2018) 22 Cal.App.5th 657, 659 [recognizing that "recalling a remittitur is an extraordinary remedy generally available in a limited number of instances"].)  "Other than to correct clerical errors, 'good cause' generally exists only when a judgment was secured by fraud, mistake or inadvertence."  (*Id.* at p. 660; *Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 165-166.)  A decision is inadvertent if it resulted from oversight, neglect or accident, as distinguished from judicial error.  (*Southwestern Inv. Corp. v. City of L.A.* (1952) 38 Cal.2d 623, 626.)

We agree with the Attorney General that this court's decision to construe defendant's notice of appeal broadly to include the El Dorado County case was not a clerical or procedural error in the context necessary to recall a remittitur.  (*People v. Earls* (1992) 10 Cal.App.4th 184, 191 [generally a notice of appeal shall be liberally construed].)  The order itself establishes nothing regarding the ultimate viability of any appellate issues related to the case.  And defendant points to no clerical error in the remittiturs themselves or in their issuance.

Nor were the remittiturs issued because of mistake or inadvertence as defendant argues.  Rather, they were issued because defendant voluntarily requested that the appeals in *Crowder I* and *Crowder II* be dismissed.  Further, this court has held a motion to recall a remittitur is not the appropriate procedural vehicle through which to seek the benefit of an ameliorative change in the law to a case that is already final for purposes of *Estrada*.  (*People v. Harris*, *supra*, 22 Cal.App.5th at pp. 659-661.)  And while defendant implies

12

that his prior appellate counsel may have been ineffective in requesting to dismiss and abandon his prior appeals, he does not develop the argument in any meaningful way with analysis or citations to authority, and we decline to address it further. (Rule 8.204(a)(1)(B) & (a)(1)(C) [court of appeal may disregard legal arguments in an appellate brief that are not supported by citations to legal authority or are conclusory].)

Nor are we compelled to consider the merits of his appeal simply because the record is before the court or because briefing has been completed. The fact that an issue has been raised does not mean we must decide it on the merits. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1263-1264 [an appellate court is not required to address all the parties' respective arguments].) And the state of the record and briefing certainly does not affect the finality of the El Dorado County case.

Because the El Dorado County case was final for purposes of *Estrada* before Senate Bill No. 567 went into effect, defendant is not entitled to the new law's benefit.

II

*Fees and Fines*

Defendant contends three fees originally imposed in the El Dorado County case are no longer enforceable or collectible given several recent legislative changes. These include the probation supervision fee (§ 1203.1b), the criminal justice administrative fee (§ 1205), and the mandatory supervision fee (§ 1203.1e). For the same reasons discussed above, the judgment was final before the new fee legislation went into effect.

Effective July 1, 2021, Assembly Bill No. 1869 (2019-2020 Reg. Sess.) "eliminate[d] the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and . . . eliminate[d] all outstanding debt incurred as a result of the imposition of [identified] administrative fees." (Stats. 2020, ch. 92, § 2.) The bill "abrogated the authority to impose and collect 23 different administrative fees" (*People v. Greeley* (2021) 70 Cal.App.5th 609, 625), including the

13

probation supervision fee and the criminal justice administrative fee by adding section 1465.9 and Government Code section 6111. (Stats. 2020, ch. 92, §§ 11, 62.)

As relevant here, section 1465.9 now provides: "The balance of any court-imposed costs pursuant to Section . . . 1203.1e, . . . [and] 1203.1b, . . . as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (a); Stats. 2020, ch. 92, § 62.)

Section 1465.9 was subsequently amended by Assembly Bill No. 177 (2021-2022 Reg. Sess.) to provide: "On and after January 1, 2022, the balance of any court-imposed costs pursuant to Section . . . 1205, . . . as [that section] read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (b); Stats. 2021, ch. 257, § 35.)

Here, when defendant was initially sentenced in the El Dorado County case, the trial court imposed a $60 fee pursuant to section 1205 as well as a $250 fee under section 1203.1. When the court later revoked probation in that case, defendant was ordered to serve a five-year split sentence that included a period of mandatory supervision, and the court imposed a $1200 mandatory supervision fee under 1203.1e. During each of the four resentencing proceedings in the Butte County matters, the trial court ordered that the fines, fees, assessments, and restitution imposed in the previous cases, including the El Dorado County case, should remain in effect.

Because defendant's judgment in the El Dorado County case was final before the changes to section 1465.9 went into effect, we will not vacate those fees in that judgment. However, given the plain language of section 1465.9, we acknowledge that any remaining balance on the criminal justice administrative fee, the probation supervision fee, and the mandatory supervision fee imposed in El Dorado County case No. P15CRF0151 are no longer enforceable or collectible. (§ 1465.9.)

14

## DISPOSITION

The judgment is affirmed.

/s/
Duarte, Acting P. J.

We concur:

/s/
Boulware Eurie, J.

/s/
McAdam, J.*

---

* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

15