[Civ. No. 26603. Second Dist., Div. Three. Sept. 18, 1963.]

GORDON F. PETERSON, Plaintiff and Respondent v. EARL W. ROSE et al., Defendants and Appellants.

Ellis & Sloan and Lyle C. Ellis for Defendants and Appellants.

O'Connor & Wood and Timothy M. O'Connor for Plaintiff and Respondent.

FORD, J.—This is an appeal from a judgment entered in conformity with the confirmation of an arbitration award.[1] (Code Civ. Proc., § 1287.4.) The controversy was as to

---

[1] In the notice of appeal it is stated that the appeal is "from the court's order granting Petitioner's petition to confirm award of arbitrators." The order and judgment are contained in one document which is in part as follows: "IT IS ORDERED, ADJUDGED AND DECREED that the award of the Court of Ethics of the SOUTH BAY BOARD OF REALTORS, INC., dated December 6, 1961, be and the same is hereby confirmed and judgment of this court is hereby given that the petitioner have judgment against respondents EARL W. ROSE and MARY B. RAWLINGS in the amount of $6,240.00, . . ." Among the documents which the appellants requested the Clerk of the Superior Court to include in the clerk's transcript were the findings of fact and conclusions of law and the judgment. Construing the notice of appeal liberally (*Luz* v. *Lopes*, 55 Cal.2d 54, 59-60 [10 Cal.Rptr. 161, 358 P.2d 289]), we treat it as constituting an appeal from the judgment. (See Code Civ. Proc., §§ 1294, subd. (d), 1294.2.)

whether the appellants Earl W. Rose, Mary B. Rawlings and George Newman were entitled to a portion of a commission of $9,750 resulting from the sale of real property in Hermosa Beach. The appellants and the respondent Gordon F. Peterson were all members of the South Bay Board of Realtors, Inc. The appellants' contention on this appeal is that no final award in arbitration was made when the controversy was submitted for determination in accordance with the bylaws of the real estate board.

The dispute arose about October 9, 1961. The question was whether the respondent Peterson was entitled to all of the commission for the sale of the property as the listing and selling broker or whether he was entitled to only one-third thereof as the listing broker and the appellants Rose and Rawlings were entitled to the remaining two-thirds as the brokers who made the sale. The controversy was referred to a board of arbitrators, known as the "Court of Ethics," pursuant to the bylaws of the South Bay Board of Realtors, Inc. A hearing was had on December 6, 1961, at which evidence was presented by the parties.

The determination which the appellants contend did not embody a final award in arbitration was on a printed form entitled "Decision." In the nature of a caption were the words "In the COURT OF ETHICS of the SOUTH BAY BOARD OF REALTORS, INC.," together with the names of the parties to the proceeding. In the document were set forth "findings of fact." After the printed heading "OPINION and RECOMMENDATION FOR DISCIPLINARY ACTION" was the following typewritten statement: "It is the opinion of the Ethics Committee in reviewing the facts of the case that Gordon F. Peterson acted as Listing and Selling Broker, and as such should be awarded the full commission, less the 4% due to the South Bay Board of Realtors, Inc." Under the printed words "AWARD IN ARBITRATION" was the typewritten statement: "Award to Gordon F. Peterson as Listing and Selling Broker."

The document stated that the action of the arbitrators was taken on December 6, 1961. It was signed by four of the five members of the Court of Ethics. Immediately following such signatures was a statement entitled "ACTION OF THE BOARD OF DIRECTORS" which was signed on behalf of the board of directors by the president. The body of that statement was as follows (the typewritten portion being italicized herein): "The Decision of the Court of Ethics in

the above entitled case is hereby *rejected* by Resolution adopted *January 8, 1962.*"

The portions of the bylaws of the South Bay Board of Realtors, Inc., which are to be considered on this appeal will be noted. Section 2 of article VIII is entitled "ENFORCE-MENT, DISCIPLINE AND ARBITRATION." It is in part as follows: "(A). The Board of Directors is authorized, as herein provided, to censure either privately or publicly, impose a fine, not exceeding in any case the sum of $100.00 for any one offense, suspend from membership for a period of not more than one year, or expel from membership any member for any of the following reasons: (a) [Conviction of a felony or of a crime involving moral turpitude] ... (b) Breach of or failure to abide by the Code of Ethics of the National Association of Real Estate Boards. (c) [Similar to (b) with respect to constitution and bylaws or rules and regulations of the local board] ... (f) Failure or refusal to attend and testify as a witness before an Arbitration Committee, a Court of Ethics or the Board of Directors upon any arbitration hearing or other matter under consideration without legal cause or legal justification, after having had reasonable notice so to attend and testify. ... (C) DISPO-SITION OF COMPLAINTS. Each formal complaint in writing shall be referred to the Board of Directors (or Membership, if there is no Board of Directors.) If the complaint is found to involve conduct within the provision of Sec. A hereof or if it involves an issue which is subject to arbitration of money or other property claims, the Board of Directors shall refer it for a hearing to the Court of Ethics."

Section 2(E) of article VIII is entitled "COURT OF ETHICS." It is in part as follows: "(a) There is hereby created a Court of Ethics which is a special committee of the Board[2] composed of five members (5) the majority of whom shall be Realtors. Not less than three (3) members of the Court shall constitute a quorum provided that a majority of the members thereof present shall be Realtors. ..."

Section 2(G) of article VIII is entitled "PROCEDURE." It is in part as follows: "The Court of Ethics shall receive complaints referred by the Board of Directors and shall conduct hearings thereon as provided in this Article. ..." Section 2(J) relating to the conduct of a hearing provides

---

[2]Article I of the constitution of the realty board is as follows: "The name of this organization shall be the South Bay Board of Realtors, Inc., hereafter referred to as the 'Board.'"

in part: "(b) The chairman hearing the case shall write the Court's Finding of Facts and, in disciplinary proceedings the Opinion, or in arbitration proceedings the Award, in each case. The members hearing the case shall sign it. The Opinion and the Award shall be deemed the decision of the Court."

Section 2(L) of article VIII deals with decisions and appeals. It is in part as follows: "(a) Decisions of the Court shall be made by majority vote of the members hearing the case. . . . (b) *Decisions involving the award of money or other property shall be final.* (c) *Decisions involving disciplining of members of the Board shall be construed as recommendations to the Board of Directors for action thereon.* [Italics added.] . . . (e) APPEAL. After the decision of the Court has been rendered, either party to the action shall have twenty (20) days immediately subsequent to the third day after the decision of the Court has been delivered to the secretary of the board in which to appeal the decision. The appeal shall be addressed to the Board of Directors, shall be in writing, and shall be based on the presentation of any newly discovered evidence which he could not with reasonable diligence have discovered and produced at the hearing. Upon receipt of such appeal and information in the time specified the Board of Directors shall at its discretion grant an appeal and refer the matter to the Court of Ethics which promptly shall set a time for hearing under the same procedure as for an original hearing."

Section 2(M) and (N) of article VIII relate to the consideration of decisions by the board of directors. Section 2(M) provides: "Decisions referred to the Board of Directors for action shall be considered by the Board of Directors at its next regular meeting following expiration of the period for appeal. In considering a decision, the Board of Directors may call the chairman of the Court to summarize the case or present a transcript thereof but shall not hear testimony otherwise. The Board of Directors may ratify the decision of the Court or reject the decision. If the Board of Directors ratifies the decision, it becomes final. . . ." Section 2(N) is in part as follows: "If a decision of the Court of Ethics is rejected by the Board of Directors, then a new trial is automatically granted, to be heard by the Board of Directors. . . . The Board of Directors shall sit as a Court of Ethics in hearing the case. . . . The decision rendered by the Board of Directors is final."

In confirming the award the superior court determined that the award of the board of arbitrators known as the Court of Ethics was final and that the purported rejection thereof by the board of directors was a nullity. This conclusion is inescapable in the light of the provisions of the bylaws to which reference has been made. Subdivision (b) of section 2 (L) of article VIII expressly provides that decisions of the Court of Ethics involving the award of money shall be final.[3] Under subdivision (c) of section 2 (L) only decisions involving the disciplining of members of the real estate board are to be construed as recommendations to the board of directors for action thereon. It is only to matters of the latter type that the provision of section 2 (M) that if "the Board of Directors ratifies the decision, it becomes final" could logically apply. The same reasoning is applicable to the provision found in section 2 (N) with respect to the finality of a decision rendered by the board of directors upon hearing a matter after it has rejected a decision of the Court of Ethics. To hold otherwise would be to conclude that the bylaws are inconsistent in their provisions with respect to the finality of a decision of the Court of Ethics sitting as a board of arbitration.

The determination just stated is obviously not affected by the fact that the printed form used to embody the award contained the language "RECOMMENDATION FOR DISCIPLINARY ACTION" as a part of a section heading. Clearly such language was inapt since no disciplinary action was involved. Moreover, since it did not affect the nature of the award under the pertinent provisions of the bylaws it is of no consequence that the minutes of December 6, 1961, of the Court of Ethics contain the statement: "This decision will be handed to the Board of Directors for their action." Under the facts presented, in the absence of the consent of the parties (see *Goossen* v. *Adair,* 185 Cal.App.2d 810, 817 [8 Cal.Rptr. 855]) the board of directors could not take any action which would have the effect of nullifying the finality of the award of the arbitrators.

It is true that the award does not designate the monetary amount of the portion of the commission in dispute and to which the respondent Peterson was determined to be entitled. But any uncertainty as to that matter was resolved in the

---

[3]It is unnecessary to discuss whether subdivision (e) of section 2 (L) is applicable to such an award because no appeal to the board of directors on the ground of newly discovered evidence was taken.

superior court and no contention is made on this appeal that, if the respondent Peterson is otherwise entitled to prevail on the merits, the amount of the judgment in his favor is not correct.

The judgment is affirmed.

Shinn, P. J., and Files, J., concurred.