[No. B093311. Second Dist., Div. Five. July 12, 1996.]

ROBERT D'AVOLA, Plaintiff and Appellant, v.
PAMELA DENISE ANDERSON, Defendant and Respondent.

## Counsel

Gabriel, Herman & Peretz, Dean B. Herman and Gregory L. Feinberg for Plaintiff and Appellant.

Perona, Langer & Beck, Major Alan Langer and Richard L. Stuhlbarg for Defendant and Respondent.

## Opinion

**TURNER, P. J.**—Defendant, Pamela Denise Anderson, has moved to dismiss the appeal of plaintiff, Robert D'Avola. The notice of appeal contained the wrong case number. The notice of appeal in this matter refers to a case

which was voluntarily dismissed. ■ We conclude the notice of appeal meets the standards imposed by rule 1(a)[1] of the California Rules of Court, and deny the dismissal motion.

Defendant has moved to dismiss the appeal. The following are the facts as gleaned from the declarations filed pursuant to rule 42(a).[2] On March 4, 1994, plaintiff filed a declaratory relief lawsuit against defendant which was assigned Los Angeles Superior Court case No. BC099953. On March 28, 1994, plaintiff filed a request to voluntarily dismiss case No. BC099953. On June 14, 1994, plaintiff filed a petition to confirm an arbitration award. The June 14, 1994, petition was assigned case No. BS029563. The parties in case Nos. BC099953 and BS029563 are the same. The dispute between the parties in the two cases arises out of the same scenario. On March 31, 1995, the trial judge, the Honorable Bruce Geernaert sitting in department 56, issued his ruling denying the motion to confirm the arbitrator's award. Judge Geernaert also vacated the arbitrator's award.

On May 23, 1995, plaintiff filed a notice of appeal. The notice of appeal referred to case No. BC099953, the matter that had been previously dismissed voluntarily by plaintiff on March 28, 1994. The notice of appeal did not contain a reference to case No. BS029563. However, the notice of appeal stated: "NOTICE IS HEREBY GIVEN that Claimant and Appellant Robert D'Avola appeals to the Court of Appeal of the State of California, Second Appellate District, from the Order Denying Claimant Robert D'Avola's Motion to Confirm Arbitration Award and Granting Respondent Pamela Anderson's Motion to Vacate Award entered on March 31, 1995, in Department 56 of the above-entitled Court." That notice of appeal clearly seeks

---

[1]All future references to a rule are to the California Rules of Court.

[2]Rule 42(a) states: "(a) [Motion to dismiss appeal] When a motion to dismiss an appeal is filed prior to the filing of the record on appeal in the reviewing court, it shall be accompanied by a certificate of the clerk of the superior court or an affidavit setting forth the following: [¶] (1) The nature of the action and the relief demanded by the complaint and any cross-complaint or complaint in intervention. [¶] (2) The names of all attorneys of record. [¶] (3) A description of the judgment, the date of its entry, and the fact and date of service of written notice of its entry. [¶] (4) The fact and date of filing of notice of intention to move for a new trial, or the absence of such filing. [¶] (5) The disposition of proceedings on motion for new trial, the date of such disposition, and the date of service of written notice thereof. [¶] (6) The fact and date of filing of notice to appeal, and the court to which the appeal was taken. [¶] (7) The fact and date of filing (a) any notice to prepare a transcript or notice designating papers, records or exhibits; [¶] (b) any stipulation to prepare an agreed statement, or notice of intention to propose a settled statement; [¶] (c) any proposed narrative statement; and [¶] (d) any order extending the time for preparation of the record. [¶] (8) The date of certification of the record, or the facts relating to failure to certify, or the fact that no proceeding for the preparation of a record on appeal is pending in the superior court, and that the time to institute any such proceeding has expired."

review of the March 31, 1995, orders of Judge Geernaert concerning a refusal to enforce and vacating the arbitrator's award. Defendant argues the May 23, 1995, notice of appeal from the March 28, 1994, dismissal in case No. BC099953 is untimely (rule 2(a))[3] and nonappealable because plaintiff voluntarily dismissed that case. (*Yancey* v. *Fink* (1991) 226 Cal.App.3d 1334, 1342-1343 [277 Cal.Rptr. 415]; *Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 120 [108 Cal.Rptr. 782].)

Dismissal is not in order in this case. Civil appeals proceed pursuant to Code of Civil Procedure section 901 which states; "A judgment or order in a civil action or proceeding may be reviewed as prescribed in this title. The Judicial Council shall prescribe rules for the practice and procedure on appeal not inconsistent with the provisions of this title." Rule 1(a) provides: "[Form of notice] An appeal from a judgment of a superior court or from a particular part thereof is taken by filing with the clerk of that court a notice of appeal therefrom. The notice shall be signed by the appellant or by his attorney and shall be sufficient if it states in substance that the appellant appeals from a specified judgment or a particular part thereof. A notice of appeal shall be liberally construed in favor of its sufficiency. The notice need not specify the court to which the appeal is taken and shall be deemed to be an appeal to the Court of Appeal for the district." In *Luz* v. *Lopes* (1960) 55 Cal.2d 54, 59 [10 Cal.Rptr. 161, 358 P.2d 289], the California Supreme Court stated, "Under this rule, and prior to its adoption, it is and has been the law of this state that notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced." (Accord, *Vibert* v. *Berger* (1966) 64 Cal.2d 65, 67 [48 Cal.Rptr. 886, 410 P.2d 390]; *Smith* v. *Ostly* (1959) 53 Cal.2d 262, 264 [1 Cal.Rptr. 340, 347 P.2d 684]; *Kellett* v. *Marvel* (1936) 6 Cal.2d 464, 472-473 [58 P.2d 649].) The drafters of rule 1(a) when it was originally adopted by the Judicial Council on July 1, 1943, intended it to conform to the decisional authority requiring liberal construction of a notice of appeal typified by *Kellett* v. *Marvel, supra,* 6 Cal.2d at pages 472-473. (Witkin, *New California Rules on Appeal* (1944) 17 So.Cal.L.Rev. 80, 82-83,

---

[3]Rule 2(a) provides: "[Normal time] Except as otherwise provided by Code of Civil Procedure section 870 or other statute or rule 3, a notice of appeal from a judgment shall be filed on or before the earliest of the following dates: (1) 60 days after the date of mailing by the clerk of the court of a document entitled 'notice of entry' of judgment; (2) 60 days after the date of service of a document entitled 'notice of entry' of judgment by any party upon the party filing the notice of appeal, or by the party filing the notice of appeal; or (3) 180 days after the date of entry of the judgment. For the purposes of this subdivision, a file-stamped copy of the judgment may be used in place of the document entitled 'notice of entry'."

fn. 11.) In the present case, it is "reasonably clear" (*Luz* v. *Lopes, supra,* 55 Cal.2d at p. 59) what is being appealed from and the notice of appeal "states in substance" (rule 1(a)) the judgment or order that plaintiff desires to challenge in an appellate court. In fact, the notice of appeal identifies the specific order which is the subject of the appeal—Judge Geernaert's March 31, 1995, determination not to enforce the arbitrator's award. Witkin emphasized the importance of the specification of the order or judgment under review in the notice of appeal when he noted, "This is the part of the notice which calls for some care in drafting." (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 372, p. 374.) The fact that the wrong superior court case number was affixed to the notice of appeal does not change the result. In fact, rule 1(a) does not even require that the proper or any case number be affixed in order for the notice of appeal to be effective in terms of conferring appellate jurisdiction. Although competent attorneys will ensure that the correct case number is affixed to the notice of appeal, there is *no* authority for the proposition that an incorrect case number deprives an appellate court of jurisdiction. As a result, this court finds as a factual matter the notice of appeal is from the March 31, 1995, order in case No. BS029563 and it is sufficient in that it states in substance from what plaintiff is appealing.[4]

Further, there is no evidence defendant was "misled or prejudiced." (*Luz* v. *Lopes, supra,* 55 Cal.2d at p. 59.) Defense counsel has filed a declaration as required by rule 42 and he does not state under oath how he or his client were misled or otherwise prejudiced. Also, pursuant to rule 4, plaintiff designated a reporter's transcript be prepared of the March 31, 1995, proceedings before Judge Geernaert. Both the notice of appeal and the designation of record referred to the same hearing held on March 31, 1995, in case No. BS029563, which resulted in the entry of an appealable order. (Code Civ. Proc., § 1294.) In determining whether a respondent has been misled by errors on the face of the notice of appeal, a reviewing court may consider the contents of the designation of record pursuant to rules 4, 5, and 5.1. (See *Peterson* v. *Rose* (1963) 220 Cal.App.2d 386, 386, fn. 1 [33 Cal.Rptr. 868] [Court of Appeal relied in part on the designation of documents to

---

[4]In the present case, the notice of appeal correctly identifies the order under review as that of March 31, 1995. This case is therefore to be distinguished from those decisions discussing notices of appeal which completely failed to mention the judgment or order challenged in the appellate court. (E.g., *Glassco* v. *El Sereno Country Club, Inc.* (1932) 217 Cal. 90, 91-92 [17 P.2d 703]; *Unilogic, Inc.* v. *Burroughs Corp.* (1992) 10 Cal.App.4th 612, 624-625 [12 Cal.Rptr.2d 741]; *Norman I. Krug Real Estate Investments, Inc.* v. *Praszker* (1990) 220 Cal.App.3d 35, 47 [269 Cal.Rptr. 228]; *Eskaton Monterey Hospital* v. *Myers* (1982) 134 Cal.App.3d 788, 790, fn. 1 [184 Cal.Rptr. 840]; *Estate of McManus* (1963) 214 Cal.App.2d 390, 394, fn. 1 [29 Cal.Rptr. 543].)

be in the clerk's transcript].) ■ Defendant has neither been misled nor prejudiced.[5]

The motion to dismiss the appeal is denied.

Grignon, J., and Godoy Perez, J., concurred.

---

[5]Plaintiff's sanctions motion filed in response to defendant's dismissal request is denied. Plaintiff made a drafting error on the notice of appeal. Defendant responded with a dismissal motion which was not frivolous. There is no published authority on the question of what happens when the wrong superior court case number is placed on a notice of appeal. Defendant's dismissal motion, brought in good faith, does not meet the standard of conduct that must be necessarily present in order for sanctions to be imposed. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 646-654 [183 Cal.Rptr. 508, 646 P.2d 179].)