Filed 2/18/22  Marriage of Williams CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

In re the Marriage of JOLLYANN AND PHILLIP WILLIAMS.

JOLLYANN BUMATAY-WILLIAMS,

    Respondent,

v.

PHILLIP WILLIAMS,

    Appellant.

E075686

(Super. Ct. No. SWD1701768)

OPINION

APPEAL from the Superior Court of Riverside County.  Elaine M. Kiefer, Judge.

Affirmed with directions.

Philip Williams, in pro. per., for Appellant.

Westover Law Group and Andrew L. Westover, for Respondent.

1

# I.

## INTRODUCTION

Pro. per. appellant Phillip Williams appeals the trial court's judgment, its order denying his motion to vacate the judgment, and its order sanctioning him $2,500. We dismiss Williams's untimely appeal from the trial court's judgment and otherwise affirm.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Williams's wife, Jollyann Bumatay-Williams, petitioned to dissolve their marriage in 2017. At the end of a bench trial in September 2019, the parties stipulated that Bumatay-Williams's counsel would prepare a stipulated judgment that the parties would sign and file with the court. In October 2019, Bumatay-Williams filed two unidentified judgments. About a week later, she filed a "Judgment on Dissolution with Child(ren)." In support of that judgment, Bumatay-Williams's counsel submitted a "Declaration of/re: Entry of Judgment Without Signature of Other Party." Counsel explained that he filed the stipulated judgment without Williams's signature because he could not obtain Williams's signature.

The trial court rejected the judgment because a party to the action, the Riverside County Department of Public Social Services (the Department), did not sign it. Bumatay-Williams therefore filed a "Judgment for Dissolution on Reserved Issues (FL-

---

[1] As discussed below, Williams provided an inadequate record on appeal. We discuss only the facts and procedural history we can sufficiently glean from the inadequate record.

2

180) on Dissolution with Child(ren)" (the judgment) on December 23, 2020. According to Bumatay-Williams's counsel, the only difference between the judgments filed in October and December was that the Department signed the December judgment but not the October judgment. The trial court entered judgment later that day.

Forty-five days later, on February 6, 2020, Williams moved to set aside the judgment under Code of Civil Procedure section 473, subdivision (b) (section 473(b)). Williams argued the judgment should be vacated because Bumatay-Williams filed it without his input and he disagreed with some of its terms. While that motion was pending, Bumatay-Williams moved for sanctions against Williams, which he opposed.

On September 3, 2020, the trial court held a hearing on the parties' motions and Williams's request for an order (RFO) related to child support. The trial court denied the motion because the judgment's terms were identical to the terms of the parties' stipulated judgment that they agreed to at the end of the trial. The trial court also denied Williams's RFO as moot. The trial court sanctioned Williams $2,500 for bringing the motion and filing the RFO. Williams filed a notice of appeal later that day.

III.

DISCUSSION

In his notice of appeal, Williams states he appeals from a default judgment and an order or judgment under Code of Civil Procedure sections 904.1, subdivision (a)(3)-(13) entered on September 3, 2020. In his opening brief, Williams says his appeal is from a "final judgment of the Riverside County Superior Court and is authorized by the Code of

3

Civil Procedure, section 904.1, subdivision (a)(1)(4) & subdivision (b)."[2] Bumatay-Williams argues Williams's notice of appeal is deficient because the trial court never entered a default judgment and the Code of Civil Procedure sections Williams cites in his opening brief are inapplicable.

Although it is not entirely clear, Williams's opening brief indicates that he appeals the December 23, 2019 judgment, the trial court's order denying his motion to vacate that judgment, and its order sanctioning him. "'[N]otices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced.'" (*D'Avola v. Anderson* (1996) 47 Cal.App.4th 358, 361.) Although the trial court did not enter a default judgment, Williams's notice of appeal states he is appealing from a judgment and an order or judgment entered on September 3, 2020. The only judgment relevant to the trial court's September 3 proceedings is the December 23, 2019 judgment Williams sought to vacate at the September 3 hearing.

Liberally construing his notice of appeal, it is reasonably clear that Williams intended to appeal the trial court's December 23, 2019 judgment and its order denying his motion to vacate that judgment. It is also reasonably clear that Williams appeals from the trial court's other orders entered on September 3, 2020.

---

[2] Code of Civil Procedure section 904.1, subdivision (a)(1)(4) authorizes appeals "[f]rom an order granting a new trial or denying a motion for judgment notwithstanding the verdict" while Code of Civil Procedure section 904.1, subdivision (b) authorizes appeals from "[s]anction orders or judgments of five thousand dollars ($5,000) or less against a party."

We therefore conclude Williams's notice of appeal is sufficient to address the issues he raises in his opening brief, particularly given that we can discern no prejudice to Bumatay-Williams. (See *D'Avola v. Anderson*, *supra*, 47 Cal.App.4th at p. 361.) Nonetheless, we dismiss Williams's appeal from the trial court's December 23, 2019 judgment as untimely. (See *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 [appellate court must dismiss late appeal].)

California Rules of Court rule 8.104(a)(1)[3] provides the general rule for filing a timely notice of appeal: "a notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment."

But Williams moved to vacate the judgment on February 6, 2020, 45 days after the December 23, 2019 judgment. The time to file a notice of appeal is extended when, as here, a motion to vacate the judgment is filed. Rule 8.108(c) provides, "If, within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files a valid notice of intention to move—or a valid motion—to vacate the judgment, the time to

---

[3] All further references to "rules" are to the California Rules of Court.

appeal from the judgment is extended for all parties until *the earliest of*: [¶] (1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first notice of intention to move—or motion—is filed; or [¶] (3) 180 days after entry of judgment." (Italics added.)

There is nothing in the record suggesting that Williams was served with the trial court's September 3, 2020 order denying his motion to vacate, so rule 8.108(c)(1)'s 30-day deadline is inapplicable.

Williams moved to vacate the judgment on February 6, 2020, so the 90-day deadline under rule 8.108(c)(2) fell on May 6, 2020.

One hundred eighty days after the December 23, 2019 judgment was Saturday, June 20, 2020, so the 180-day deadline under rule 8.108(c)(3) fell on June 22, 2020. (See Code Civ. Proc., §§ 10, 12, 12a.)

The deadline for Williams to appeal the December 23, 2020 judgment was therefore extended until only May 6, 2020 because this is the earliest of the three timeframes in rule 8.108(c)(1)-(3).

Williams did not appeal the judgment until September 3, 2020, so his appeal of the judgment is untimely by several months. We therefore lack jurisdiction to consider his appeal of the judgment must dismiss it. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.*, *supra*, 15 Cal.4th at p. 56.)

But because Williams appealed the trial court's orders denying his motion to vacate and sanctioning him $2,500 on the same day they were entered, his appeal was

6

timely.  (See rule 8.406(a)(1).)  And because both orders are appealable, we have jurisdiction to consider them.  (See *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 857, fn. 3 [order denying motion to vacate judgment under Code of Civil Procedure section 473 is appealable]; Code Civ. Proc., § 904.1, subd (d) [sanctions order entered after final judgment is appealable].)

As to the sanctions order, Williams does not cite the record, provide any relevant authority, or make any reasoned argument.  We therefore conclude Williams forfeited any challenge to the order.  (See *Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205 [appellant must "support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations" and failure to do so forfeits argument]; *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 [appellant must cite appropriate authority and failure to do forfeits argument]; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785 [appellant must make reasoned argument and failure to do so forfeits argument].)

Although Williams provides some argument about the trial court's order denying his motion to vacate, he does not cite anything in the record.  He has therefore forfeited any argument that the trial court erroneously denying his motion.  (*Bernard v. Hartford Fire Ins. Co.*, *supra*, 226 Cal.App.3d at p. 1205.)  Williams forfeited his challenge to the trial court's order for the additional reason that he did not provide an adequate record.  The trial court stated at the September 3, 2020 hearing that it was denying Williams's motion to vacate the judgment because the judgment accurately reflected the parties'

7

agreement reached at the end of the trial.  But in his record on appeal, Williams did not provide any records or transcripts from the trial or a copy of the judgment.  Because we cannot properly determine whether the trial court erroneously denied Williams's motion to vacate on the inadequate record he provided, we must affirm the trial court's order denying the motion.  (*Hernandez v. California Hospital Medical Center* (2020) 78 Cal.App.4th 498, 502.)

## IV.

## DISPOSITION

Williams's appeal from the trial court's December 23, 2020 judgment is dismissed.  The trial court's orders denying Williams's motion to vacate the judgment and sanctioning him $2,500 are affirmed.  Bumatay-Williams may recover her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>CODRINGTON</u>
J.

We concur:

<u>McKINSTER</u>
Acting P. J.

<u>MILLER</u>
J.