Filed 6/8/23  P. v. Smith CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KYLE SHANE SMITH,<br><br>Defendant and Appellant. | C096481<br><br>(Super. Ct. Nos. 18CF07515, 19CF02557) |

After defendant Kyle Shane Smith was found in violation of probation in two cases, the court sentenced him in each case to a term of imprisonment to be served consecutively to a sentence imposed in a third case.  Defendant seeks to appeal the ruling on the violation of probation and the sentence in one of the three cases.  We affirm.

**FACTUAL AND LEGAL BACKGROUND**

In November 2018, in Butte County Superior Court case No. 18CF07515 (case No. 7515), defendant was charged with several offenses stemming from a domestic dispute he had with his wife.  Defendant failed to appear for the arraignment in this case,

1

and a warrant was issued. In April 2019, in Butte County Superior Court case No. 19CF02557 (case No. 2557), defendant was charged with felony failure to appear (Pen. Code, § 1320, subd. (b))[1] with a special allegation that he was on bail in case No. 7515 at the time (§ 12022.1).

In June 2019, in case No. 7515, defendant pled no contest to injuring a spouse (§ 273.5, subd. (a); count 1), cruelty to a child by endangering health (§ 273a, subd. (b); counts 2-4), and disobeying a domestic relations court order (§ 273.6, subd. (a); counts 5-6). The same day, in case No. 2557, he pled no contest to failing to appear in court (§ 1320, subd. (b)) and admitted the allegation that he committed the offense while he was released from custody on bail in case No. 7515 (§ 12022.1).

On July 11, 2019, the court suspended imposition of sentence on both cases and granted two years of probation in each of the above cases.

In August 2020, the prosecution filed a petition alleging defendant had violated condition No. 5 of his probation, possession of alcohol, in each case.

In April 2022, in Butte County Superior Court case No. 20CF04001 (case No. 4001), defendant was convicted of violating section 288.7 and sentenced to 15 years to life.[2]

On June 8, 2022, following an evidentiary hearing on the probation violation petition, the trial court found that defendant violated his probation by possessing alcohol. The court resentenced defendant to 15 years to life in case No. 4001 and designated the conviction under section 288.7 as the principal term. In case No. 7515, the court denied further probation and imposed a consecutive two-year low term in state prison for violating section 273.5 in count 1. The court further imposed concurrent terms of six

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     This case is currently pending on appeal in case No. C096400.

months each on counts 2 through 4, and one year each on counts 5 and 6. In case No. 2557, the court imposed a subordinate, consecutive term of eight months (one-third the midterm) for violating section 1320, subdivision (b), plus two additional years for the section 12022.1 enhancement. The court stated consecutive sentencing was appropriate due to the separate nature of the offenses.

Defendant filed a timely notice of appeal, listing case No. 2557 as the relevant case.

## DISCUSSION

### I

### *Violation of Probation*

Defendant argues the court erred by finding he violated his probation by consuming alcohol where there was no evidence he actually consumed it. The People counter that defendant violated probation by possessing alcohol. We agree with the People.

#### A. *Additional Background*

When granted probation in case No. 7515 and case No. 2557, defendant signed the written terms and conditions of probation, indicating that he had read and understood the terms of probation. Condition No. 5 of the terms of probation required that defendant refrain from possessing or consuming alcohol. Additionally, in orally imposing the terms of probation, the court stated it would order condition No. 5: "[T]o totally abstain from the use or possession of any controlled substance" unless defendant had a current prescription. The court also stated, "[N]o alcohol. You are not to be drinking while you are on probation. [¶] You're nodding your head in agreement." When defendant offered that he quit drinking three years prior, the court stated, "Very good. So continue in that regard."

At the hearing on the violation of probation, Detectives Kevin Mannel and Brian Mollath testified they conducted a probation search of defendant's home in August 2020.

3

In a kitchen cabinet above the stove, officers found a plastic bottle of Fireball cinnamon whiskey. The bottle was approximately one-eighth full. The officer who found the bottle testified that it would not be possible to open the kitchen cabinet and not see the bottle of whiskey. Following a hearing, the trial court found that defendant violated probation by violating condition No. 5.

*B. Analysis*

The trial court has broad discretion in determining whether to revoke probation. (§ 1203.2, subd. (a); *People v. Rodriguez* (1990) 51 Cal.3d 437, 443.) The facts supporting the revocation of probation must be proven only by a preponderance of the evidence (*Rodriguez*, at p. 447), and we review the decision to revoke probation for abuse of discretion (*People v. Angus* (1980) 114 Cal.App.3d 973, 988). This standard "simply requires the trier of fact 'to believe that the existence of a fact is more probable than its nonexistence . . . .' " (*In re Winship* (1970) 397 U.S. 358, 371-372.) An appellate court views "the evidence in the light most favorable to respondent and presume[s] in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citations.]" (*People v. Reilly* (1970) 3 Cal.3d 421, 425.)[3]

Here, we find no abuse of discretion. While defendant challenges the fact that there was no evidence that he had *consumed* alcohol, the condition of probation prohibited defendant from *possessing* or consuming alcohol. The alcohol-related conditions afforded defendant fair notice of what conduct was required of him. Indeed, defendant signed the terms of probation, acknowledging he understood them.

---

**3** In his challenge to the sufficiency of the evidence of his violation of probation, defendant fails to cite to the record or any applicable law. We note " '[a]rguments should be tailored according to the applicable standard of appellate review.' [Citation.] Failure to acknowledge the proper scope of review is a concession of a lack of merit. [Citation.]" (*Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 465.)

Next, there was sufficient evidence to show defendant possessed the alcohol. Although defendant argues he disclaimed any ownership of the whiskey, he does not provide any record citations in support of that claim, and we note he did not testify at the probation violation hearing. Proof of possession "does not require a showing of exclusive or physical possession; and may be established by an inferential showing of joint and constructive possession." (*People v. Haynes* (1967) 253 Cal.App.2d 1060, 1064.) The elements necessary to prove possession "are 'dominion and control of the substance,' " with " 'knowledge of its presence' " and nature. (*People v. Palaschak* (1995) 9 Cal.4th 1236, 1242.) " 'Each of these elements may be established circumstantially.' [Citations.]" (*People v. Martin* (2001) 25 Cal.4th 1180, 1184.)

Here, it is undisputed defendant lived at the house where the alcohol was found. Thus, he had dominion and control over the area where the substance was found. In addition, the officer said that one could not miss the bottle of whiskey upon opening the cabinet. Under these circumstances, the trial court could infer knowledge of the bottle and find, by a preponderance of the evidence, defendant knowingly possessed the alcohol. We affirm the finding of the violation of probation.

*II*

*Sentencing*

Defendant seeks to challenge the two-year consecutive sentence imposed on his conviction for violating section 273.5 (count 1) in case No. 7515. The People contend this issue is not subject to review because the notice of appeal only designated case No. 2557 as the relevant case. Notwithstanding the potential jurisdictional roadblock, both parties have addressed the merits to the underlying claims.

In order to appeal from the sentence, a defendant must file a notice of appeal in the superior court within 60 days after rendition of judgment. (Cal. Rules of Court, rules 8.304(a)(1), 8.308(a); see generally § 1239, subd. (a).) To be sufficient, the notice of appeal must "identif[y] the particular judgment or order being appealed." (Cal. Rules of

Court, rule 8.100(a)(2).) " '[W]here several judgments and/or orders occurring close in time are separately appealable . . . each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal.' " (*DeZerega v. Meggs* (2000) 83 Cal.App.4th 28, 43; accord, *Colony Hill v. Ghamaty* (2006) 143 Cal.App.4th 1156, 1172.)

However, notices of appeal are liberally construed so as to protect the right of appeal if it is reasonably clear what the defendant was trying to appeal from and so long as the respondent could not possibly have been misled or prejudiced. (*Luz v. Lopes* (1960) 55 Cal.2d 54, 59; *D'Avola v. Anderson* (1996) 47 Cal.App.4th 358, 361.) " 'The rule favoring appealability in cases of ambiguity cannot apply where there is a clear intention to appeal from only . . . one of two separate appealable judgments or orders. [Citation.]' [Citation.]" (*Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 225-226.) Therefore, when a notice of appeal manifests a " ' "clear and unmistakable" ' " intent to appeal only from one order, we cannot liberally construe the notice to apply to a different, omitted order. (*In re J.F.* (2019) 39 Cal.App.5th 70, 76.)

Here, defendant's notice of appeal does not manifest a clear and unmistakable intent to appeal only from case No. 2557, notwithstanding the fact that he only listed case No. 2557 on the notice of appeal. Although there is no indication the two cases were officially consolidated, they are factually and procedurally intertwined. Case No. 2557 stemmed from defendant's failure to appear in case No. 7515, defendant pled no contest to each at the same time, probation was granted in each case at the same time, and the basis for the violation of probation in each case was the same. At this procedural posture, any appellate challenge would be limited to a challenge to the sentence in either case (see § 1237.5), which were imposed in both cases at the same time. Therefore, on our own motion, we will construe the notice of appeal to include case No. 7515 and case No. 2557.

*A. Consecutive Sentences*

A trial court is required to state its reasons for imposing consecutive sentences. (*People v. Sperling* (2017) 12 Cal.App.5th 1094, 1103; see also Cal. Rules of Court, rule 4.406(b)(5).) "The trial court has broad discretion with regard to sentencing, and its decision will be affirmed on appeal, so long as it is not arbitrary or irrational and is supported by any reasonable inferences from the record. (*People v. Lamb* [1988] 206 Cal.App.3d [397,] 401.) The party attacking the sentence must show the sentencing decision was irrational or arbitrary and if it fails to do so, ' "the trial court is presumed to have acted to achieve legitimate sentencing objectives . . . ." ' (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978.)[4]" (*People v. King* (2010) 183 Cal.App.4th 1281, 1323.)

Here, the trial court stated the reason for the consecutive sentence was due to the separate nature of the offenses. This is a legitimate factor to consider when imposing consecutive sentences. (See Cal. Rules of Court, rule 4.425(a)(1) & (a)(3).) Defendant does not acknowledge that given reason, much less challenge it. Instead, in his opening brief, he states "[b]y all accounts, [his] probation was successful" and cites a portion of the probation report created *prior* to defendant being placed on probation. These statements do not constitute an argument challenging the imposition of consecutive sentences. Nor does defendant cite any legal authority regarding his claim the trial court abused its discretion in imposing consecutive sentences. (Cal. Rules of Court, rule 8.204(a)(1)(B).) A failure to provide legal argument or authority forfeits the issue on appeal. (*People v. Hovarter* (2008) 44 Cal.4th 983, 1029.) Even if not forfeited, defendant's presentation of this argument does not approach the level of proof necessary to satisfy his burden on appeal to show the imposition of consecutive sentences was

---

**4**     Superseded by statute on other grounds as stated in *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.)

arbitrary or unsupported by any reasonable inference from the record. (See *People v. King, supra*, 183 Cal.App.4th at p. 1323 [a bare, unsubstantiated assertion does not satisfy the appellant's burden in challenging consecutive sentences].)

*B. Assembly Bill No. 518*

Defendant also contends this case should be remanded for the trial court to exercise its discretion under the ameliorative provisions of new legislation, enacted through Assembly Bill No. 518 (2021-2022 Reg. Sess.).

Effective January 1, 2022. Assembly Bill No. 518 amended section 654, subdivision (a) to provide that "[a]n act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions . . . ." (Stats. 2021, ch. 441, § 1.) Former section 654 provided that such an act or omission may "be punished under the provision that provides for the longest potential term of imprisonment." (Former § 654, subd. (a).)

Defendant argues the trial court should be afforded the opportunity to consider alternative sentencing options under amended section 654, which would include consideration of whether to suspend imposition or execution of sentences for section 273.5 and/or section 1320, under section 273.5, subdivision (h)(3). The People respond that neither the amendments to section 654 nor section 273.5, subdivision (h)(3) applies in this case. We need not resolve the question, because we conclude defendant forfeited the issue.

Here, defendant was sentenced after Assembly Bill No. 518's effective date. Both counsel and the court are presumed to know applicable law. (See *People v. Thomas* (2011) 52 Cal.4th 336, 361 ["In the absence of evidence to the contrary, we presume that the court 'knows and applies the correct statutory and case law' "]; *People v. Barrett* (2012) 54 Cal.4th 1081, 1105 [counsel is "presumed competent and informed as to applicable constitutional and statutory law"].) Defendant could have, but did not, object during the sentencing hearing that the amendments to section 654, made through

8

Assembly Bill No. 518, applied to defendant's case. Because this legislation was in effect at the time of defendant's sentencing hearing, by failing to raise the applicability of the new ameliorative provisions he has forfeited the argument on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 351; *People v. Flowers* (2022) 81 Cal.App.5th 680, 683-684 [the appellant forfeited argument that the trial court erred in imposing the upper term pursuant to § 1170 as it existed at the time he was sentenced because he failed to object to the upper term sentence when it was imposed], review granted Oct. 12, 2002, S276237; *People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [" '[c]laims of error relating to sentences "which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner" are waived on appeal if not first raised in the trial court' " (italics omitted)].)

## DISPOSITION

The judgment and sentences are affirmed.

/s/
EARL, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
KRAUSE, J.

9