Filed 12/27/23  Rodgers v. HB Construction CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JOHN Q. RODGERS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>HB CONSTRUCTION, INC.,<br><br>    Defendant and Respondent. | B317068<br><br>(Los Angeles County<br>Super. Ct. No. YC072916) |

APPEAL from an order of the Superior Court of Los Angeles County, Gary Y. Tanaka, Judge.  Affirmed.

Peacock Piper Tong + Voss and Albert E. Peacock III, for Plaintiff and Appellant.

Johnson and Associates and Einar W. Johnson, for Defendant and Respondent.

# I.    INTRODUCTION

Plaintiff John Q. Rodgers filed a complaint against defendant HB Construction Inc., a California corporation (HBCI), alleging two causes of action under Business and Professions Code section 7031, subdivisions (a) and (b).  After plaintiff dismissed his complaint, the trial court found HBCI to be the prevailing party and awarded it attorney fees.  Plaintiff appeals from the attorney fee award, arguing that:  (1) plaintiff's claims were not actions "on a contract" within the meaning of Civil Code[1] section 1717, subdivision (a) and HBCI therefore was not entitled to an award of such fees; (2) alternatively, if plaintiff's claims were actions "on a contract," then the safe harbor provision of section 1717, subdivision (b)(2) barred the recovery of fees; (3) HBCI was not the prevailing party; and (4) as an unlicensed contractor, HBCI was barred from recovering attorney fees as a matter of law.  We affirm.

# II.    BACKGROUND

A.    *Complaint*

Plaintiff alleged that in July 2011, he entered into an oral contract with HBCI to remodel an office building in Hermosa Beach (the Property).  HBCI represented that it was a licensed contractor and, in March 2012, the parties memorialized the oral agreement into a written contract (the Contract), which included a provision that "[c]ontractors are required by law to be licensed

---

[1]    Further statutory references are to the Civil Code unless otherwise indicated.

2

and regulated by the Contractors' State License Board . . . ." HBCI, however, did not have a contractor's license either when it entered into the Contract or when it performed work on the Property.

The Contract included an attorney fee provision, which stated, "If any legal action or proceeding arising out of or relating to this [C]ontract is brought by either party to this [C]ontract, the prevailing party will be entitled to receive from the other party, in addition to any other relief that may be granted, the reasonable attorneys' fees, costs, and expenses incurred in the action or proceeding by the prevailing party."

The Contract also included a provision that required the parties to settle any disputes by arbitration. The Contract bore the signature of Timothy R. Roth, the owner of HBCI.

On May 30, 2018, plaintiff filed the complaint, which alleged as its first cause of action a request for declaratory relief under Business and Professions Code section 7031, subdivision (a). Specifically, plaintiff sought a declaration that: "(1) [HBCI], including its owner, is not entitled to any compensation, . . . for any work self-performed or subcontracted by [HBCI] on the [Property] as a matter of law under [Business and Professions Code section 7031, subdivision (a)]" because the work was performed and the Contract entered into when HBCI did not have a valid California contractor's license.

In his second cause of action, plaintiff sought disgorgement of "all compensation paid to or on behalf of [HBCI] as an unlicensed contractor for work it self-performed or subcontracted on the [Property]" under Business and Professions Code section 7031, subdivision (b). In his prayer for relief, plaintiff sought a

3

declaration, disgorgement, interest, and "attorneys fees and costs."

After being served with the complaint, HBCI moved for and obtained a stay of the case pending completion of an ongoing arbitration, which we discuss further below.

B.  *Related Arbitration and Dismissal of Complaint*

In August 2017, Roth initiated arbitration proceedings against plaintiff concerning their joint ownership of a limited liability corporation that owned the Property.  In the arbitration proceedings, plaintiff, among other things, sought damages for Roth's allegedly defective construction work on the Property, the same work that is the subject of plaintiff's complaint.  According to Roth, plaintiff had entered into an agreement for construction services with Craig Reitberger, dba HB Construction, a sole proprietorship (HBSP), who held a valid contractor's license.

On October 9, 2019, following the arbitration hearing, the arbitrator made certain factual findings.  As relevant here, the arbitrator found:  "Roth is a licensed contractor.  Although [plaintiff] contends the repairs to the [Property] were done by Roth's unlicensed [HBCI], the Arbitrator finds that the repairs were completed by Craig Reitberger's licensed sole proprietorship [HBSP].  . . .  [¶]  . . .  [¶]  . . . [Plaintiff] claims Roth is not entitled to credit for any work on the Property because the work was done by Roth's unlicensed [HBCI].  As found above, the work was completed by Reitberger's licensed sole proprietorship [HBSP] and thus did not violate Business and Professions Code section 7031."

4

On February 17, 2021, plaintiff filed a request to dismiss his complaint without prejudice pursuant to Code of Civil Procedure section 581. The trial court entered the dismissal on the same date.[2]

## C.   *Motion for Attorney Fees*

On March 12, 2021, HBCI moved for attorney fees in the amount of $149,379.50. According to HBCI, it was the prevailing party on the complaint and thus entitled to fees pursuant to section 1717 and Code of Civil Procedure section 1032, subdivision (a)(4).

Plaintiff opposed the motion, arguing, among other things, that plaintiff's complaint was "not a contract-based claim, but a statutory claim under Business & Professions Code 7031 for which attorneys' fees are not recoverable." Plaintiff also argued that HBCI was not the prevailing party.

On October 4, 2021, the trial court issued its ruling, granting, in part, HBCI's motion for attorney fees. The court found that HBCI was the prevailing party, citing the arbitration award in the other proceeding. The court also concluded that the Contract's attorney fee provision was sufficiently "broadly worded" to apply to this action and "for [d]efendant to base the motion for attorneys' fees pursuant to . . . [section] 1717." The

---

[2]     Although the record does not reflect that the clerk of the superior court entered the dismissal, according to the case summary of this case, a request for dismissal was entered on February 17, 2021. (See *H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1365 [voluntary dismissal by written request to clerk is "a ministerial act"].)

court rejected plaintiff's argument that the safe harbor provision of section 1717, subdivision (b)(2)[3] precluded a finding that defendant was a prevailing party. Citing *Santisas v. Goodin* (1998) 17 Cal.4th 599 (*Santisas*), the court reasoned that section 1717, subdivision (b)(2) only barred the recovery of "the contract claims rather than the non-contract claims" in plaintiff's complaint and therefore awarded fees only for "the time expended in defending the non-contract claims in this action." Further, the court observed that the bulk of the fees incurred by HBCI in the underlying arbitration "involved numerous issues and claims that were not at issue in the instant civil action." It therefore awarded HBCI $28,413 as reasonable attorney fees.

On December 8, 2021, plaintiff filed his notice of appeal.

## III. DISCUSSION

### A. *Appealability and Adequacy of Appellate Record*

Before considering the merits of plaintiff's appeal, we consider HBCI's contentions that: (1) plaintiff failed to include a notice of appeal in the appellant's appendix and the notice was inadequate in any event; (2) plaintiff has appealed from a nonappealable order; and (3) the appellant's appendix is defective and incomplete. In HBCI's view, these purported deficiencies support a denial or dismissal of the appeal.

---

[3]    Section 1717, subdivision (b)(2) provides in pertinent part, "Where an action has been voluntarily dismissed . . . , there shall be no prevailing party for purposes of this section."

6

We reject each of HBCI's contentions. First, although plaintiff failed to comply with California Rules of Court[4], rules 8.122(b)(1)(A) and 8.124(b)(1)(A), which require the inclusion of a notice of appeal in the appellant's appendix, we decline to impose a sanction for this violation. (*Neville v. Chudacoff* (2008) 160 Cal.App.4th 1255, 1261, fn. 5 [waiving appellant's failure to include notice of appeal in appendix in violation of rules 8.122(b)(1)(A) and 8.124(b)(1)(A) because "notice of appeal is in the court file"]; see also *DeLuca v. State Fish Co., Inc.* (2013) 217 Cal.App.4th 671, 683, fn. 16.) On our own motion, we augment the record with the notice of appeal filed by plaintiff in this court. (Rule 8.155(a)(1)(A).) Further, and contrary to HBCI's contention, the notice of appeal, which states that plaintiff appeals from an "[o]rder after judgment" entered on "10/4/21," "'identifie[d] the particular judgment or order being appealed'" and therefore provided sufficient notice. (See *D'Avola v. Anderson* (1996) 47 Cal.App.4th 358, 362.)

We also reject HBCI's contention that because plaintiff voluntarily dismissed his complaint without prejudice, there is no final judgment from which plaintiff can appeal. An order awarding attorney fees following a voluntary dismissal without prejudice is appealable, either as a final judgment (*Gassner v. Stasa* (2018) 30 Cal.App.5th 346, 354), or pursuant to the collateral order doctrine (*Sanchez v. Westlake Services, LLC* (2022) 73 Cal.App.5th 1100, 1107–1108).

Finally, HBCI's contention that the appellant's appendix is "incomplete" is meritless. HBCI devotes much of its brief to complaining that the appellant's appendix is incomplete in that it

---

[4]     Further rule references are to the California Rules of Court.

7

includes only the first 121 pages of what should be (according to the opening brief) a longer appendix. The appellant's appendix that was filed with this court is 221 pages in length and includes the records referenced in plaintiff's opening brief.[5]

B.    *Attorney Fees as Costs*

"'The determination of the legal basis for an award of attorney fees is a question of law which we review de novo. [Citation.]' [Citation.]" (*Hyduke's Valley Motors v. Lobel Financial Corp.* (2010) 189 Cal.App.4th 430, 434.) And, "[w]hile it is true that, generally, a trial court's determination that a litigant is a prevailing party is reviewed for abuse of discretion, it is equally well settled that, if the challenge to that determination is solely one of law, the de novo standard applies." (*Khan v. Shim* (2016) 7 Cal.App.5th 49, 55, fn. 3.)

"'Under the American rule, each party to a lawsuit ordinarily pays its own attorney fees. . . . Code of Civil Procedure section 1021, which codifies this rule, provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . ." . . . Thus, "'[p]arties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract.'"' (*Mountain Air* [*Enterprises, LLC v. Sundowner Towers, LLC* (2017)] 3 Cal.5th [744, 751 (*Mountain Air*)].)

---

[5]    HBCI's respondent's brief also references records in a respondent's appendix. But HBCI did not file a respondent's appendix in this court.

8

"'If such litigation does sound in contract, however, an agreement allocating attorney fees may be "within the scope of section 1717" and subject to its restrictions.  [Citation.]  "Before section 1717 comes into play, it is necessary to determine whether the parties entered an agreement for the payment of attorney fees and, if so, the scope of the attorney fee agreement."  [Citation.]  This determination requires us to apply traditional rules of contract interpretation.'  (*Mountain Air, supra*, 3 Cal.5th at p. 752, fn. omitted.)"  (*Orozco v. WPV San Jose, LLC* (2019) 36 Cal.App.5th 375, 406–407 (*Orozco*).)

If the fee agreement is sufficiently broad to cover the litigation between the parties, we next consider whether the litigation "sounds in contract."  If it does, then section 1717, subdivision (b)(2) provides that "[w]here an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section."

C.    *Scope of Attorney Fee Provision*

We begin our review of the trial court's attorney fee award by considering the language of the Contract's attorney fee provision.  (*Orozco, supra*, 36 Cal.App.5th at p. 407.)  The provision provides that if any party to the Contract brings a legal action "arising out of or relating to this contract," the "prevailing party" can recover reasonable attorney fees.  "The language 'arising out of or relating to' . . . is generally considered a broad provision."  (*Khalatian v. Prime Time Shuttle, Inc.* (2015) 237 Cal.App.4th 651, 659.)  Here, plaintiff sought:  (1) a declaration that it did not owe HBCI any money for contracting work

9

purportedly performed by HBCI under the Contract and to disgorge from HBCI any payments already made. On its face, plaintiff's claims therefore "arose out of" or "related to" the Contract. (See *Santisas, supra*, 17 Cal.4th at p. 608 ["If a contractual attorney fee provision is phrased broadly enough, as this one is, it may support an award of attorney fees to the prevailing party in an action alleging both contract and tort claims"]; see also Code Civ. Proc., § 1021 [compensation of attorneys is generally left to agreement of parties "except as . . . specifically provided for by statute"].)[6]

D.    *Applicability of Section 1717*

Having concluded that plaintiff's complaint "arose out of" and "related to" the Contract, within the meaning of the broadly worded attorney fee provision, we next consider whether the complaint "sounds in contract," such that the limitation set forth at section 1717, subdivision (b)(2) applies. (*Santisas, supra*, 17 Cal.4th at p. 617.) "The requirement under . . . section 1717 that the action be "'on a contract'" has been liberally construed. [Citation.] As one court has stated, ""[i]t is difficult to draw definitively from case law any general rule regarding what actions and causes of action will be deemed to be "on a contract" for purposes of [section] 1717."" [Citation.] "Nevertheless, we distill . . . the following principle: An action (or cause of action) is "on a contract" for purposes of section 1717 if (1) the action (or cause of action) "involves" an agreement, in the sense that the

---

[6]    Plaintiff notes in his reply brief that HBCI had "disavowed" the Contract during the arbitration. Plaintiff does not dispute on appeal that the Contract is between plaintiff and HBCI.

action (or cause of action) arises out of, is based upon, or relates to an agreement by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement, and (2) the agreement contains an attorney fees clause.' [Citation.]" (*Orozco, supra*, 36 Cal.App.5th at pp. 407–408.)

Plaintiff's causes of action were premised on Business and Professions Code section 7031.[7] "The purpose of [this] licensing law is to protect the public from incompetence and dishonesty in those who provide building and construction services. [Citation.] . . . [¶] [Business and Professions Code] [s]ection 7031 advances this purpose by withholding judicial aid from those who seek compensation for unlicensed contract work. The obvious statutory intent is to discourage persons who have failed to comply with the licensing law from offering or providing their unlicensed services for pay. [¶] Because of the strength and clarity of this policy, it is well settled that [Business and Professions Code] section 7031 applies despite injustice to the unlicensed contractor. '[Business and Professions Code] [s]ection 7031 represents a legislative determination that the importance of deterring unlicensed persons from engaging in the contracting business *outweighs any harshness between the parties,* and that

---

[7] Business and Professions Code section 7031, subdivision (a) provides in relevant part: "no person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action, or recover in law or equity in any action" in a California court "for the collection of compensation for the performance of any act or contract where a license is required . . . without alleging that they were a duly licensed contractor at all times during the performance of that act or contract regardless of the merits of the cause of action brought by the person . . . ."

11

such deterrence can best be realized by denying violators the right to maintain any action for compensation in the courts of this state. [Citation.]" (*Hydrotech Systems, Ltd. v. Oasis Waterpark* (1991) 52 Cal.3d 988, 995.)

Although plaintiff's complaint "arose out of" and "related to" the Contract, it did not "seek[] to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement." (*Orozco, supra*, 36 Cal.App.5th at p. 408.) Instead, the complaint sought a declaration that HBCI was not entitled to any compensation for work it had performed under the purported contract and disgorgement of all compensation that it had been paid under that contract pursuant to statute. (See *San Francisco CDC LLC v. Webcor Construction L.P.* (2021) 62 Cal.App.5th 266, 286, 288 [noting that neither side contended that an action for statutory disgorgement under Bus. & Prof. Code, § 7031 "was an action to enforce the terms of the Contract" and describing the cause of action as "a statutory claim"].) Therefore, plaintiff's complaint did not "sound in contract."

According to plaintiff, because the causes of action in his complaint did not "sound in contract," the trial court erred in awarding attorney fees. His argument, however, is premised on a misapprehension that contractual attorney fees may be awarded as costs *only* under section 1717, an argument that has been rejected by our Supreme Court in *Santisas, supra*, 17 Cal.4th at page 618.[8] Because, as we noted above, the attorney fee

---

[8] Although we agree with plaintiff that the trial court erred in citing section 1717 in support of its award of attorney fees, we review the trial court's ruling, not its reasoning, and affirm if it is correct on any ground. (*Travis v. Brand* (2023) 91 Cal.App.5th

12

provision encompasses causes of action that "arise from or relate to" the Contract, plaintiff's causes of action pursuant to Business and Professions Code section 7031 were within the scope of the attorney fee provision. (See Code Civ. Proc., § 1021.) Moreover, because section 1717 does not apply to the award of fees on plaintiff's complaint, its safe harbor provision set forth at subdivision (b)(2) also does not apply to preclude a finding that HBCI is not a prevailing party "for purposes of this section."

E.    *Prevailing Party*

We next consider plaintiff's argument that HBCI was not "the prevailing party" in the litigation within the meaning of the Contract's attorney fee provision. According to plaintiff, because the trial court did not make any substantive decisions in the lawsuit before plaintiff dismissed his action, HBCI was not the "prevailing party."[9] We disagree.

Where, as here, the attorney fee provision does not define the term "prevailing party," "we will assume, in the absence of evidence to the contrary, that the parties understood the term in its ordinary or popular sense." (*Santisas, supra*, 17 Cal.4th at p. 609.)[10] Applying the ordinary meaning of the term, the trial

---

996, 1006; *Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1504, fn. 11.)

[9]    As we discuss above, we have concluded that section 1717, subdivision (b)(2) does not bar a finding that HBCI is the prevailing party.

[10]    "For purposes of the cost statutes, the term 'prevailing party' includes a party in whose favor a judgment of dismissal

13

court did not err when it concluded that HBCI was the prevailing party.  Plaintiff's objective in bringing this complaint was to seek a declaration and disgorgement pursuant to Business and Professions Code section 7031.  HBCI's objective was to prevent such relief.  Moreover, as noted by the trial court, the arbitrator found that HBCI did not violate Business and Professions Code section 7031.  Because plaintiff failed to meet its litigation objective while HBCI satisfied its objective, the trial court did not abuse its discretion by finding HBCI to be the prevailing party. (*Santisas, supra*, 17 Cal.4th at p. 609.)

F.    *Legality of Contract*

Finally, we consider plaintiff's contention that Business and Professions Code section 7031 prevents HBCI, as an unlicensed contractor, from recovering attorney fees as a matter of law.  Business and Professions Code section 7031, subdivision (a) forecloses an unlicensed contractor from recovering *compensation*.  But the section does not, as plaintiff contends, render contracts between clients and unlicensed contractors void. To the contrary, "the [Contractors' State License Law (Bus. & Prof. Code, § 7000 et seq.)] does not automatically void all contracts entered by unlicensed contractors."  (*MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc.* (2005) 36 Cal.4th 412, 440; see *Templo Calvario Spanish Assembly of God v. Gardner Construction Corp.* (2011) 198 Cal.App.4th 509, 519 ["entering into a contract with a contractor who is later shown to be unlicensed at the time of execution of the contract does not

has been entered.  (Code Civ. Proc., § 1032, subd. (a)(4).)" (*Santisas, supra*, 17 Cal.4th at p. 609.)

14

automatically render the contract void"].)[11]  Plaintiff's contention therefore is meritless.

---

[11]     To the extent *Ranchwood Communities Limited Partnership v. Jim Beat Construction Co.* (1996) 49 Cal.App.4th 1397, and *S & Q Construction Co. v. Palma Ceia Development Organization* (1960) 179 Cal.App.2d 364, cited by plaintiff, hold to the contrary, our Supreme Court's decision takes precedence. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

## IV.  DISPOSITION

The order awarding attorney fees is affirmed.  In the interests of justice and given the misrepresentations in its brief concerning the record, we deny an award of costs to HBCI.  (Rule 8.278(a)(5).)

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KIM, J.


We concur:



RUBIN, P. J.



MOOR, J.